## INGRAM–DAY LUMBER CO. v. DONALD, Internal Revenue Collector.

(Circuit Court of Appeals, Fifth Circuit. February 10, 1925.)

No. 4392.

Internal revenue ⊜~11—Lumber company held not subject to freight transportation tax.

Revenue Act 1918, § 500 (Comp. St. Ann. Supp. 1919, § 6309½a), imposes a tax on the amount paid for freight transportation only when "in competition with carriers by rail or water," and does not apply to hire paid by a lumber company for tugs to tow barges between points where there was no competition with any common carrier.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by the Ingram-Day Lumber Company against G. L. Donald, Internal Revenue Collector. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

W. A. White, of Gulfport, Miss. (White & Ford, of Gulfport, Miss., on the brief), for plaintiff in error.

E. E. Hindman, U. S. Atty., of Jackson, Miss. (Chalmers Potter and Niles Moseley, both of Jackson, Miss., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was an action by the plaintiff in error to recover the stated amount of a tax levied and paid under protest; the declaration showing that plaintiff duly made claim for the abatement of such tax, also for a refund thereof after it was paid under protest to prevent a distraint of its property, and made an appeal to the Commissioner of Internal Revenue for a refund, and that such claims and appeal were denied. The declaration contained allegations to the following effect:

During the years 1918, 1919, 1920, and 1921 plaintiff was engaged in the business of manufacturing lumber at Yarbo, Ala., and in the domestic and export lumber trade. During that period the plaintiff frequently engaged the services of tugs owned by the Mobile & Gulf Navigation Company to tow barge loads of lumber from Woodsbluff, Ala., to Mobile, Ala., by water, said lumber being the property of plaintiff, and for which services plaintiff paid the owner of the tugs a lump sum, fixed by contract between the parties in each instance, for the performance of such towing service. The tax levied and in question was 3 per centum of the aggregate of said sums. At the time of the performance of said services the Mobile & Gulf Navigation Company was not a common carrier, or a carrier at all, had never published any rates or tariffs, and was never in competition with any carrier by rail or water, and there was no competition for said services.

The declaration was demurred to on the following grounds: (1) That it states no cause of action. (2) That it shows on its face that the tax was levied for the transportation of lumber by water. (3) That it shows on its face that plaintiff was the person paying for the service rendered. (4) Because it shows on its face that the lumber was not destined for export, within the meaning of the Constitution and statute. That demurrer was sustained, and, the plaintiff declining to plead further, the suit was dismissed.

The following provisions of the Revenue Act of 1918 (40 Stat. 1101, 1102 [Comp. St. Ann. Supp. 1919, §§ 6309⅛a, 6309⅛b]) were relied on to sustain the tax and the levying of it against the plaintiff:

"500. From and after April 1, 1919, there shall be levied, assessed, collected, and paid, in lieu of the taxes imposed by section 500 of the Revenue Act of 1917—

"(a) A tax equivalent to 3 per centum of the amount paid for the transportation on or after such date, by rail or water or by any form of mechanical motor power when in competition with carriers by rail or water, of property by freight transported from one point in the United States to another. * * *

"501. (a) The taxes imposed by section 500 shall be paid by the person paying for the services or facilities rendered."

The language of the first-quoted provision discloses an intention to impose the tax only when the transportation, by rail or water, or by any form of mechanical motor power, is in competition with carriers by rail or water. A transportation of lumber by water is not within the terms of that provision, when such transportation is not in competition with any carrier by rail or water. The language used evidences the absence of an intention to tax all carriage by water of goods along or across a waterway. To come within the terms of the provision, such carriage or transportation must be in competition with carriers by rail or water. The averments of the declaration negatived the conclusion that the mentioned transportation by water was in competition with any carrier by rail or water. In our opinion, the averments of the declaration show the nonexistence of a state of facts authorizing the imposition or levy of the tax in question, and that the declaration was not subject to demurrer on any ground stated.

It follows that the court erred in sustaining the demurrer to the declaration. Because of that error, the judgment is reversed, and the cause is remanded for further proceedings.

Reversed.